UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CHRISTOPHER WARE,

       Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.
A Liberian Corporation,

       Defendant.

_____/

## **COMPLAINT**

    **COMES NOW**, the Plaintiff, CHRISTOPHER WARE, by and through undersigned

counsel, and sues the Defendant, ROYAL CARIBBEAN CRUISES, LTD. , A Liberian

Corporation and further states as follows:

### JURISDICTIONAL AND VENUE ALLEGATIONS

1.    This is a cause of action for damages in excess of $75,000.00, exclusive of interests and

    costs.

2.    Plaintiff, CHRISTOPHER WARE, is *sui juris*, and a citizen and resident of the state of

    Illinois.

3.    Defendant ROYAL CARIBBEAN CRUISES, LTD., is a foreign  corporation with its

    principal place of business in Miami-Dade County, Florida.

4.    Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C.

    1332, as alleged above, because there is complete diversity of citizenship between the

    parties and the amount of damages claimed exceeds $75,000.00 which is the minimum

jurisdictional amount required for diversity of jurisdiction cases. In addition, jurisdiction also exists pursuant to 28 U.S.C. 1333 because this is a maritime cause of action.

5.    At all times material hereto, the Defendant has conducted ongoing, substantial and not isolated business activity in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6.    At all times material, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers including the Plaintiff.

7.    In its ticket contract with Plaintiff, Defendant requires fare-paying passengers like Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district.  Accordingly, venue is proper in this court.

8.    Venue is also proper in this district because the Defendant's principal place of business is located within this district.

<u>GENERAL ALLEGATIONS</u>

9.    Plaintiff has complied with all conditions precedent to bringing this action.

10.    Defendant owed Plaintiff a duty of reasonable care in the circumstances.

11.    On or about February 4, 2019, the Plaintiff was injured aboard Defendant's cruise ship ALLURE of the SEAS as a result of slipping and falling on an unreasonably slippery outside stairs going from Deck 16 to Deck 15 which were wet and unreasonably slippery when wet.

12.    On the aforesaid date, Defendant owned and/or operated the ALLURE of the SEAS.

<u>COUNT ONE-NEGLIGENCE IN MAINTAINING THE DECK</u>

13.     Plaintiff reavers and realleges paragraphs One through Twelve as if set forth herein.

14.     On the aforesaid date, the Plaintiff was descending a set of outside steps at approximately 2:30 a.m. going from Deck 16 to Deck 15. The steps were wet and unreasonably slippery and had been made wet by the crew washing the steps.

15.     The Defendant failed to exercise reasonable care in the circumstances by failing to maintain the area by allowing an unreasonably slippery when wet set of outside steps and by failing to warn Plaintiff of a dangerous condition.

16.     On or about the aforesaid date, Plaintiff suffered serious personal injury while he was aboard ALLURE of the SEAS by reason of a wet and unreasonably slippery set of passenger steps.

17.     The Defendant knew or should have known through the exercise of reasonable care in the circumstances that the steps were unreasonably slippery when wet and knew or should have known that the steps were wet.  The crew admitted to washing the steps and not warning the Plaintiff that the steps were wet and/or unreasonably slippery when wet.

18.     Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

a.      Failing to properly maintain a set of passenger steps in a reasonably safe and condition, and/or;

b.      Failing to have a safe and proper stair surface in an area which was moist, wet or damp and unreasonably slippery, and/or;

c.      Failing to have a non-slip or non-skid surface on a set of outside passenger steps, and/or;

d.      Failing to keep a set of passenger steps dry and/or non-slippery when being used

by passengers like Plaintiff, and/or;

    f.    Failing to warn Plaintiff of dangerous conditions where Defendant knew Plaintiff would be walking, and/or;

19.    At all times material, the Defendant either created the dangerous conditions of which Plaintiff complains and/or the dangerous conditions existed for a sufficient period of time that Defendant had constructive knowledge of the dangerous conditions and/or Defendant had actual knowledge of the dangerous conditions hereinbefore alleged in paragraph seven to have caused or contributed to causing Plaintiff's injury.

20.    As a result of the foregoing, the Plaintiff was seriously injured when he was caused to slip and fall on a dangerously wet and unreasonably slippery set of steps on a passenger deck.

21.    At all times material hereto, the Plaintiff acted with reasonable care for his own safety.

22.    As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about his body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered scarring and disfigurement from surgery, suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earnings and a loss of earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded.

## COUNT TWO- NEGLIGENT DESIGN AND CONSTRUCTION

23.     Plaintiff reavers and realleges Paragraphs 1-12, 14 and 18 as if set forth herein.

24.     Defendant actively participated in the selection including the design and construction and materials comprising the stair surfaces which caused and/or contributed to causing Plaintiff's injury and chose or participated in choosing the materials such as the type and surface on the steps where the incident occurred.

25.     Defendant had the ultimate ability to reject or accept the design, construction and materials used on the steps where this incident occurred.

26.     Defendant was negligent in the design, construction, inspection and approval process of the ship for failing to select a surface for a set of outside steps which was and is reasonably safe in the circumstances of being wet.

27.     Defendant knew or should have known through the exercise of reasonable care in the circumstances that the steps were unreasonably slippery when wet and that the steps were unreasonably dangerous in the circumstances as alleged in Paragraph 19 as aforesaid.

28.     As a result of the negligence of the Defendant as aforesaid, the Plaintiff slipped and fell and was injured in and about his body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earnings and earning capacity, suffered scarring and disfigurement from surgery.   Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

29.     At all times material, Plaintiff acted with reasonable care for his own safety.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded.

DATED this 15th day of July, 2019.

HOFFMAN LAW FIRM
PAUL M. HOFFMAN, ESQUIRE
2881 East Oakland Park Boulevard
Fort Lauderdale, FL 33306
Telephone: (954) 707-5040


*/s//Paul M. Hoffman, Esq.*
PAUL M. HOFFMAN
Florida Bar No:   0279897